IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA WILLIAM JACKSON,  )<br>    ID # 54191-177,            )<br>        Movant,              )<br>                              )<br>vs.                           )<br>                              )<br>UNITED STATES OF AMERICA,     )<br>        Respondent.           ) | No. 3:22-CV-2421-L-BH<br>No. 3:16-CR-196-L(1)<br><br>Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* and the *Defendnat's* [sic] *Second Successive Motion for Writ of Habeas Corpus § 2255*, received on October 27, 2022 (docs. 1-2), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

## I.    BACKGROUND

Joshua William Jackson (Defendant) pled guilty under a plea agreement to use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3) and (A) (Count One), illegal receipt of a firearm by a person under indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D) (Count Two), and cyberstalking in violation of 18 U.S.C. §§ 2261A(2) and (b)(5) (Count Three).  (*See* docs. 53, 57, 60.)[2]  He was sentenced to an aggregate term of 156 months' imprisonment, to be followed by a three-year term of supervised release.  (*See* doc. 111 at 2-3.)  The United States Court of Appeals for the Fifth Circuit (Fifth Circuit) affirmed the judgment on direct appeal.  *See United States v. Jackson*, 741 F. App'x 225 (5th Cir. 2018).

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-196-L(1).

His first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was dismissed with prejudice on May 31, 2021. *See Jackson v. United States*, No. 3:19-CV-1664-L-BH, 2021 WL 2200538 (N.D. Tex. May 31, 2021). The Fifth Circuit denied a certificate of appealability on December 16, 2021. *See United States v. Jackson*, No. 21-10593, 2021 WL 8821870 (5th Cir. Dec. 16, 2021).

On April 5, 2022, Movant filed a motion seeking to vacate his criminal judgment under various writs. *See Jackson v. United States*, No. 3:22-CV-778-L-BH, doc. 3 (N.D. Tex. Apr. 5, 2022). Because Movant was challenging the legality of his conviction and sentence in the underlying criminal case, the motion was construed as a successive motion within the meaning of § 2255 and transferred to the Fifth Circuit for authorization to file a second or successive § 2255 motion. (*See id.*, docs. 4-5.) In the Fifth Circuit, Movant sought authorization to challenge his conviction on Count Two as unconstitutional based on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). *See Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 by a Prisoner in Federal Custody* at 5, *In re Jackson*, No. 22-10532 (5th Cir. Oct. 5, 2022) (doc. 00516497113). On October 24, 2022, the Fifth Circuit denied Movant's motion for authorization to file a successive § 2255 motion. (*See* No. 3:22-CV-778-L-BH, doc. 8.)

Despite the Fifth Circuit's denial of authorization to file a successive § 2255 motion based on Movant's challenge under the Supreme Court's decision in *Bruen*, Movant seeks to again challenge his conviction on Count Two based on *Bruen*. (*See* No. 3:22-CV-2421-L-BH, doc. 1 at 4; *id.*, doc. 2.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* a movant is required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C); *see also* 28 U.S.C. § 2255(h). To present a claim in a second or successive § 2255 application that was not

3

presented in a prior application, the application must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Here, Movant's current § 2255 motions again challenge the same judgment as his original § 2255 motion, but he now relies on the holding set forth in *Bruen* to support his claims. The Fifth Circuit has noted that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244." *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009). "In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error—when the error arises after the underlying conviction—tend to be deemed non-successive." *Id.* Although Movant claims to rely on a new rule of constitutional law, his new challenge to his underlying criminal judgment is successive within the meaning of § 2255. *See United States v. Hill*, 623 F. App'x 200, 201 (5th Cir. 2015) (per curiam) (holding that a § 2255 motion that relied on two Supreme Court decisions that were announced after the movant was sentenced was nevertheless successive because the "alleged defects and the facts necessary to support the claims were known to [the movant] at trial and sentencing and prior to when he filed his initial § 2255 motion.").

As noted, the determination of whether Movant may file a successive petition "must be made by a three-judge panel of a United States court of appeals before a motion is filed in district court." *United States v. Ornelas-Castro*, No. 3:07-CR-190-K, 2019 WL 6135156, at *2 (N.D.

Tex. Nov. 18, 2019) (citing *United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this [§ 2255(h)] statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original))); *see also* 28 U.S.C. §§ 2244(b)(3), 2255(h). Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, and has in fact already denied authorization to file a successive § 2255 motion under the same case upon which Movant relies here, this Court lacks jurisdiction, and Movant's new § 2255 motions are subject to dismissal. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motions should be transferred.

### III. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* and the *Defendnat's* [sic] *Second Successive Motion for Writ of Habeas Corpus § 2255*, received on October 27, 2022 (docs. 1-2), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 3rd day of November, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE