IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOSHUA WILLIAM JACKSON,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-2421-L-BH** |
| § | Criminal No. 3:16-CR-196-L(1) |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

# ORDER

On November 3, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 4) was entered, recommending that the court construe as successive and transfer Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and his Second Successive Motion for Writ of Habeas Corpus (Docs. 1-2) to the United States Court of Appeals for the Fifth Circuit. The Report further notes that the Fifth Circuit previously denied a successive petition by Petitioner regarding the same claim or issue. Report 2 ("Despite the Fifth Circuit's denial of authorization to file a successive § 2255 motion based on [his] challenge under the Supreme Court's decision in [*New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)], [Petitioner] seeks to again challenge his conviction on Count Two based on *Bruen*. (*See* No. 3:22-CV-2421-L-BH, doc. 1 at 4; *id.*, doc. 2.)"). No objections to the Report were received as of the date of this order, and the deadline to file objections has expired.

When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed. As noted by the magistrate judge, successive petitions can either be transferred to the Fifth Circuit, or, alternatively,

dismissed without prejudice for lack of jurisdiction. Because Petitioner is seeking to assert claims for which authorization was previously denied by the Fifth Circuit, the court determines that the better course of action here is to dismiss without prejudice this successive habeas action.

Accordingly, having reviewed the habeas petitions in this case (Docs. 1-2), the file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court; however, instead of transferring the successive habeas petitions to the Fifth Circuit, it **dismisses without prejudice** this action for lack of jurisdiction. If Petitioner would like to file a successive habeas application, he must first file a motion with the Fifth Circuit to obtain authorization.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 22nd day of December, 2022.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge

**Order – Page 3**